IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| Marty Hierholzer, an individual; MJL Enterprises, LLC, a Virginia corporation,<br><br>Plaintiffs,<br><br>v.<br><br>Isabel Guzman, in her official capacity as Administrator of the Small Business Administration; Small Business Administration,<br><br>Defendants. | Civil Case No. 2:23-cv-00024-RAJ-DEM |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs respectfully submit this Notice of Supplemental Authority[1] to advise the Court of the decision by the United States District Court for the Eastern District of Tennessee in *Ultima Servs. Corp. v. U.S. Dep't of Agric.*, No. 2:20-CV-00041 (E.D. Tenn. July 19, 2023) ("*Ultima*"), a copy of which is attached as Exhibit A. That decision granted summary judgment to a plaintiff who challenged the rebuttable presumption of social disadvantage for certain racial groups in the Small Business Administration's Section 8(a) Business Development Program. *See* 13 C.F.R. 124.103(b)(1).

---

[1] Although neither the Federal Rules of Civil Procedure nor this Court's Local Rules explicitly provide for the filing of supplemental authorities, such notices are "common practice" when they "contain no legal argument and alert the Court to a case that was unavailable at the time of pleading." *Ashghari-Kamrani v. U.S. Auto. Ass'n*, No. 15-478, 2016 WL 8253884, at *2 (E.D. Va. Mar. 18, 2016); *see also, e.g.*, *Sierra Club v. Va. Elec. & Power Co.*, No. 15-112, 2016 WL 5349081, at *1 n.1 (E.D. Va. Feb. 4, 2016) (Jackson, J.) (considering a notice of supplemental authority).

The *Ultima* court first held that the plaintiff, a small business engaged in federal government contracting, had standing to challenge Section 8(a)'s presumption under the standard laid out in *Ne. Fla. Chapter of Associated Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 508 U.S. 656 (1993). *See Ultima*, slip op. at 15. That is because the presumption "stands as a barrier" to full participation in the 8(a) program and because the business's injury would be redressed by enjoining use of the presumption, regardless of whether it is severable from the rest of the 8(a) program. *Id.* at 15–17.

On the merits, the *Ultima* court concluded that the presumption does not satisfy either prong of strict scrutiny. *Id.* at 22–40. As to the compelling interest prong, the court held that "[t]he lack of any stated goals for Defendants' continued use of the rebuttable presumption does not support Defendants' stated interest in 'remediating specific, identified instances of past discrimination[.]'" *Id.* at 24 (quoting *Students for Fair Admissions, Inc. v. President and Fellows of Harvard Coll.*, 143 S. Ct. 2141, 2162 (2023)). And because the government did not produce "evidence … show[ing] that the government was a passive participant in [racial] discrimination in the relevant industries in which [the plaintiff] operates," it failed to establish a compelling interest for continued use of the presumption. *Id.* at 30.

The court also concluded that the presumption does not satisfy the second prong, narrow tailoring. *Id.* at 31–40. That is because the presumption is inflexible and not limited in duration, lacks specific remedial objectives, and is both under- and overinclusive. *Id.* at 32–37. Additionally, the Small Business Administration has failed to sufficiently consider

race-neutral alternatives, especially in the wake of Supreme Court precedent regarding the use of racial classifications. *Id.* at 37–39.

Accordingly, the *Ultima* court granted summary judgment in favor of the plaintiff, declared that "use of the rebuttable presumption violates [the plaintiff's] Fifth Amendment right to equal protection of the law," and enjoined the government defendants from "using the rebuttable presumption of social disadvantage in administering Defendant SBA's 8(a) program." *Id.* at 40–41.[2]

DATED:  July 20, 2023.

    Respectfully submitted,

| | |
|---|---|
| s/ Alison Somin<br>Alison Somin<br>Virginia Bar No. 79023<br>PACIFIC LEGAL FOUNDATION<br>3100 Clarendon Blvd., Suite 1000<br>Arlington, VA 22201<br>Telephone: (202) 888-6881<br>Fax: (916) 419-7747<br>ASomin@pacificlegal.org | Joshua P. Thompson*<br>Cal. Bar No. 250955<br>PACIFIC LEGAL FOUNDATION<br>555 Capitol Mall, Suite 1290<br>Sacramento, CA 95814<br>Telephone: (916) 419-7111<br>Fax: (916) 419-7747<br>JThompson@pacificlegal.org<br><br>Glenn E. Roper*<br>Colo. Bar No. 38723<br>PACIFIC LEGAL FOUNDATION<br>1745 Shea Center Dr., Suite 400<br>Highlands Ranch, CO 80129<br>Telephone: (916) 419-7111<br>Fax: (916) 419-7747<br>GERoper@pacificlegal.org |

                        *Attorneys for Plaintiffs*
                        *Pro hac vice

---

[2] The *Ultima* court has scheduled a hearing for August 31 to address the "issue of any potential further remedies," presumably including the scope of the court's injunction. *See Ultima*, slip op. at 41.

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2023, I submitted the foregoing to the Clerk of the Court via the District Court's CM/ECF system, which will provide notice of the submission of this document to all counsel of record.

s/ Alison Somin
Alison Somin
Virginia Bar No. 79023
PACIFIC LEGAL FOUNDATION
3100 Clarendon Blvd., Suite 1000
Arlington, VA 22201
Telephone: (202) 888-6881
Fax: (916) 419-7747
ASomin@pacificlegal.org

*Attorney for Plaintiffs*
