UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| MARTY HIERHOLZER, an individual, | ) |
| and | ) |
| MJL ENTERPRISES, LLC, a Virginia corporation | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 2:23-cv-24 |
| SMALL BUSINESS ADMINISTRATION, et al., | ) |
| Defendants. | ) |

**DEFENDANTS' BRIEF IN SUPPORT OF
MOTION TO STAY PROCEEDINGS**

Defendants respectfully request that the Court stay all further proceedings in the above-captioned case until the sooner of 60 days after the issuance of a judgment in *Ultima Servs. Corp. v. United States Dep't of Agric.*, No. 2:20-cv-00041-DCLC-CRW (E.D. Tenn.), or the parties notify the Court as to whether any party intends to pursue an appeal. Defendants have conferred with counsel for Plaintiffs, who have represented that they intend to oppose this motion.

**Relevant Background**

As this Court has been made aware, *Ultima* is a case in the District Court for the Eastern District of Tennessee involving the same Small Business Administration (SBA) Section 8(a) Business Development Program at issue in this case. *See* ECF Nos. 34, 34-1. On July 19, 2023, that district court granted plaintiff Ultima Service Corporation's summary judgment motion and held that SBA's "rebuttable presumption" of social disadvantage for certain minority groups was

inconsistent with Ultima Services Corporation's equal protection rights. *See id*. The court consequently enjoined SBA from "using the rebuttable presumption of social disadvantage in administering Defendant SBA's 8(a) program." ECF No. 34-1 at 41. This is the identical relief Plaintiffs have requested in this case. ECF No. 1 at 20. The court in *Ultima* simultaneously reserved ruling on any further remedy subject to briefing and a hearing on those issues on August 31, 2023. ECF No. 34-1 at 41. The *Ultima* court's final ruling remains pending.

In compliance with the *Ultima* court's order, SBA immediately suspended accepting new applications to the 8(a) program and issuing final decisions on any pending applications. *See Ultima*, No. 2:20-cv-00041-DCLC-CRW, ECF 88 at ¶ 2 (Exh. A). It also suspended awarding any new contracts in the 8(a) program pending a review of the social disadvantage of the awardee without use of the presumption. *Id.* at ¶ 6.

On September 29, 2023, SBA began to again accept new applications to the 8(a) program. *See Ultima*, No. 2:20-cv-00041-DCLC-CRW, ECF 94-1, *Decl. of John Klein*, ¶ 10 (Exh. B). Once a new web-based portal for establishing social disadvantage was in place, SBA required all new and current individual 8(a) program applicants and participants to complete a questionnaire and submit a narrative to allow the SBA to evaluate social and economic disadvantage without reliance on the presumption. *Id.* at ¶¶ 2-3. This includes social disadvantage determinations "for new and pending applications from individual business owners and for 8(a) participants that previously relied on the rebuttable presumption." *Id.* at ¶ 2. Consequently, going forward from September 29, 2023, only individual program participants who qualify as socially disadvantaged *without the use of the presumption* have been eligible to qualify for a contract award through the 8(a) program. *Id.* at ¶¶ 10-12.

2

In accordance with the *Ultima* injunction, all applications continue to be reviewed without any reliance on the presumption of social disadvantage. *Decl. of John Klein,* at ¶ 2 (Exh C.). Furthermore, SBA is still not approving contracts for award through the 8(a) program to an 8(a) participant that was admitted to the program based on the rebuttable presumption, unless SBA has determined that the participant meets the standard for social disadvantage without the use of the presumption. *Id.* at ¶ 3. SBA also continues to review the narratives of current participants who have submitted a narrative to qualify for the 8(a) program without the use of the presumption. *Id.* at ¶ 4.

In its motion for further relief, Ultima asked the court to end all uses of the 8(a) program in certain industries. *See Ultima*, No. 2:20-cv-00041-DCLC-CRW, ECF No. 93-1 at 9. On September 29, 2023, the Government filed an opposition to Ultima's motion. *See Ultima*, No. 2:20-cv-00041-DCLC-CRW, ECF 94. The court in *Ultima* has not issued a final order in the case resolving the final scope of the relief awarded to *Ultima*.

## Argument

A district court has broad discretion to stay proceedings under its authority to control its own docket. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). In determining whether to stay a case, courts consider the following factors: (1) the length of the requested stay; (2) the hardship or inequity that the movant would face in going forward with the litigation; (3) the injury that a stay would inflict upon the non-movant; and (4) whether a stay would simplify issues and promote judicial economy. *United States for Use of Precision Air Conditioning of Brevard, Inc. v. Cincinnati Insurance Co.*, 533 F. Supp. 3d 290, 298 (E.D. Va. 2021). Here, the factors strongly weigh in favor of a stay.

Most significantly, a stay would promote judicial economy by preserving judicial resources that this Court would spend resolving the parties' existing and future motions, including the pending motion to dismiss and potential dueling summary judgment motions. A stay is particularly warranted because, if no party elects to appeal the district court's final judgment in *Ultima*, this case would be mooted in its entirety, and could be dismissed on that basis alone, given that SBA's compliance with the court's order in *Ultima* has already resulted in the cessation of the use of race-based presumptions in the 8(a) program. And, even if this case is not entirely mooted by the final resolution in *Ultima*, the issues would certainly be simplified or refined as a result of that case becoming final. Thus, judicial economy strongly favors the issuance of a stay.

A stay is also warranted because Plaintiffs would not be injured. As noted above, SBA has complied with the district court's order in *Ultima* and has stopped employing the race-based presumption with regard to its 8(a) program, both in the application stage and contract award decisions. Any current 8(a) participant who was previously granted entrance into the 8(a) program cannot receive an award through the program unless it successfully reapplies to the program through the submission and review of a narrative.

Consequently, Plaintiffs have already been granted the relief they seek through this case. Should Plaintiffs argue that they continue to suffer harm due to the presumption, we note that nothing prohibits Plaintiffs from reapplying to the 8(a) program now that review does not rely at all on the presumption. And following the order in *Ultima*, the SBA has slightly revised the process to make the application steps easier for the applicants.  *See Ultima*, No. 2:20-cv-00041-DCLC-CRW, ECF 94-1, *Decl. of John Klein*, ¶¶ 11-13 (Ex. B). Further, to the extent Plaintiffs

4

here would argue that they have not been afforded all the relief they seek, the *Ultima* court's disposition of the motion for permanent injunction and additional relief may well grant them the entirety of that relief. Neither Plaintiffs' complaint, nor their response to the motion to dismiss, demonstrate that the relief they seek would not be addressed by the final decision in *Ultima*. Indeed, both parties would benefit from a stay, and would face hardship by going forward with this litigation while *Ultima* is still pending, as they would be required to prepare for and appear at oral argument (assuming the argument is not continued or stayed) and expend a considerable amount of time and resources to prepare their summary judgment motions. *Trees v. Serv. Emps. Int'l Union Loc., 503*, 574 F. Supp. 3d 856, 869 (D. Or. 2021) (prospect of unnecessary litigation due to another forum considering same issues in case supported claim of hardship).

Finally, while the length of the requested stay is currently indeterminate, it is pertinent to note that *Ultima* is procedurally very near final district court disposition; the court in that case has granted summary judgment to the plaintiff and needs only to issue a ruling on any further relief requested, which has been fully briefed.  Moreover, once the judgment in *Ultima* issues, the parties only have only 60 days in which to file a notice of appeal.  This stands in stark contrast to the present case, which is in its early stages.  Accordingly, this factor favors the issuance of a stay, particularly given that, as discussed *supra*, the parties would not be prejudiced by the indeterminate nature of the stay.

## Conclusion

For the aforementioned reasons, Defendants respectfully request that this Court stay further proceedings in this action until the sooner of 60 days after the issuance of a judgment in *Ultima*, or the parties notify the Court as to whether any party intends to pursue an appeal of that

case. Defendants further request that the Court allow the parties to submit a joint status report within 14 days of the expiration of the stay setting forth the parties' positions on whether this case should proceed and, if so, whether the issues in this case have been narrowed.

| | |
|---|---|
| Date: January 25, 2024 | Respectfully submitted, |
| OF COUNSEL: | KAREN D. WOODARD<br>Chief |
| Eric S. Benderson<br>Associate General Counsel for Litigation | Employment Litigation Section<br>Civil Rights Division<br>United States Department of Justice |
| David A. Fishman<br>Assistant General Counsel for Litigation | ANDREW BRANIFF (IN Bar No. 23430-71)<br>Deputy Chief |
| Carol-Ann J. Hulme<br>General Attorney<br>U.S. Small Business Administration | By: /s/ Allan K. Townsend<br>Allan K. Townsend (ME Bar No. 9347)<br>Trial Attorney<br>Employment Litigation Section<br>Civil Rights Division<br>United States Department of Justice<br>150 M Street, N.E.<br>Washington, D.C. 20002<br>(202) 353-5343<br>Allan.Townsend2@usdoj.gov |
| | JESSICA D. ABER<br>UNITED STATES ATTORNEY |
| | /s/ Virginia L. Van Valkenburg<br>Virginia L. Van Valkenburg<br>Assistant United States Attorney<br>Virginia State Bar No. 33258<br>United States Attorney's Office<br>101 West Main Street, Suite 8000<br>Norfolk, Virginia 23510<br>Tel: (757) 441-3217<br>Fax: (757) 441-6689<br>Virginia.VanValkenburg@usdoj.gov |

## **CERTIFICATE OF SERVICE**

  I certify that I served the foregoing document on all counsel of record via the Court's electronic filing system on the date below.

Date: January 25, 2024        /s/ Allan K. Townsend