EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | | |
|---|---|---|
| MARTY HIERHOLZER, an individual, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| MJL ENTERPRISES, LLC, a Virginia | ) | |
| corporation | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 2:23-cv-24 |
| | ) | |
| SMALL BUSINESS ADMINISTRATION, et | ) | |
| al., | ) | |
| | ) | |
| Defendants. | ) | |

**DECLARATION OF JOHN W. KLEIN**

I, John W. Klein, declare as follows under penalty of perjury:

1.        I presently serve as Deputy General Counsel and Associate General Counsel for Procurement Law at the Small Business Administration ("SBA").

2.        Since July 19, 2023, SBA is making all social disadvantage determinations pursuant to the standard for nonpresumptive applicants as directed in 13 C.F.R. § 124.103(c). This includes social disadvantage determinations for new and pending applications from individual business owners and for 8(a) participants that previously relied on the rebuttable presumption.

3.        The social disadvantage determination involves reviewing a business owner's narrative of social disadvantage, and ensuring that the information provided satisfies each of the elements in 13 C.F.R. § 124.103(c) by a preponderance of the evidence. If an individual fails to provide sufficient evidence for SBA to make a determination regarding social disadvantage, SBA may follow up with the individual to request additional evidence. This was the case for individual-

owned applicants prior to the *Ultima* Court's injunction (ECF No. 34-1) and will continue to be the case.

4.      SBA is not approving contracts for award through the 8(a) program to an 8(a) participant that was admitted to the program based on the rebuttable presumption, unless SBA has determined that the participant meets the standard for social disadvantage under 13 C.F.R. § 124.103(c).

5.      On July 21, 2023, SBA suspended the acceptance and processing of all new applications to the 8(a) program, which entailed closing its online application portal. On September 29, 2023, SBA reopened its online portal for the submission of new applications to the 8(a) program. SBA also resumed processing applications that had been pending at the time of the *Ultima* Court's July 19, 2023 Order. If a pending application relied on the presumption of social disadvantage, SBA contacted the applicant and required them to submit the evidence of social disadvantage required by 13 C.F.R. § 124.103(c). Each such submission receives the same review process as an initial application.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 25, 2024

_____
John W. Klein