IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| Marty Hierholzer, an individual; MJL Enterprises, LLC, a Virginia corporation,<br><br>Plaintiffs,<br><br>v.<br><br>Isabel Guzman, in her official capacity as Administrator of the Small Business Administration; Small Business Administration,<br><br>Defendants. | Civil Case No. 2:23-cv-00024-RAJ-DEM |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION TO STAY PROCEEDINGS**

Plaintiffs Marty Hierholzer and MJL Enterprises, LLC, oppose Defendants' motion to stay this case pending the issuance of a final judgment in *Ultima Servs. Corp. v. U.S. Dep't of Agric.*, No. 2:20-cv-00041-DCLC-CRW (E.D. Tenn.).

**BACKGROUND**

Plaintiffs' complaint challenges the Small Business Administration's Section 8(a) program, in particular the application of a presumption that some business owners are "socially disadvantaged" solely on account of their race or ethnicity. *See* ECF No. 1. Plaintiffs' complaint asserts claims under the Fifth Amendment's Due Process Clause, the nondelegation doctrine, and the Administrative Procedure Act. *Id.* at 13–20. Defendants have moved to dismiss the complaint, and the motion was fully briefed in April 2023. *See* ECF Nos. 19, 20, 26 & 27.

A few months later, in July 2023, Plaintiffs submitted as supplemental authority the district court decision in *Ultima Services Corp. v. U.S. Department of Agriculture* (E.D. Tenn.), where the court granted summary judgment to a plaintiff who challenged the presumption of social

1

disadvantage in the 8(a) program. ECF No. 34. Defendants did not file any response in this Court to the supplemental authority.

On January 9, 2024, the Court ordered oral argument on Defendants' motion to dismiss. ECF No. 35. Shortly before the hearing, Defendants filed a motion asking this Court to stay Plaintiffs' case until the sooner of (1) 60 days after the issuance of a judgment in *Ultima*, or (2) the parties notify the Court as to whether *Ultima* will be appealed. ECF No. 36 & 37. The Court held oral argument on the motion to dismiss on January 31. Plaintiffs now oppose Defendants' request for a stay.

## ARGUMENT

District courts have broad discretion whether to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). In making that determination, a district court should consider four factors: "(1) the length of the requested stay; (2) the hardship or inequity that the movant would face in going forward with the litigation; (3) the injury that a stay would inflict upon the non-movant; and (4) whether a stay would simplify issues and promote judicial economy." *U.S. ex rel. Precision Air Conditioning of Brevard, Inc. v. Cincinnati Ins. Co.*, 533 F. Supp. 3d 290, 298 (E.D. Va. 2021) (quotation omitted).

Contrary to Defendants' argument, these factors weigh *against*, not in favor of, a stay. For the first factor, Defendants seek an "indeterminate" stay, ECF No. 37 at 5, which weighs against their request. *See Dynport Vaccine Co. LLC v. Lonza Biologics, Inc.*, No. CV JKB-14-2921, 2015 WL 5768707, at *2 (D. Md. Jan. 10, 2015) ("[A]n indeterminate stay … will surely prejudice [the plaintiff's] efforts to achieve prompt resolution of the instant case."); *see also CommScope, Inc. of N. Carolina v. Electro Prod., Inc.*, No. CV-06-0577RSM, 2007 WL 9775629, at *3 (W.D. Wash. Feb. 12, 2007) ("In general, courts find that a plaintiff's interest is prejudiced when a stay would cause a lengthy or indefinite delay in the pursuit of his action."). Plaintiffs' complaint was filed

2

more than a year ago, and an indeterminate stay would needlessly delay their opportunity to vindicate their rights. Although Defendants predict that "*Ultima* is procedurally very near final district court disposition," ECF No. 37 at 5, the *Ultima* court has not yet held argument on the plaintiff's pending motion for a permanent injunction and additional equitable relief, *see Ultima*, No. 2:20-cv-00041-DCLC-CRW, ECF No. 93, and there is no set timeline within which it must rule on that request. When the *Ultima* court does eventually issue a final judgment, the government will have an additional 60 days to decide whether to appeal. And if there is an appeal, Defendants will likely again argue that this Court should stay this case pending the outcome of the appeal. This extended and indefinite timeline weighs against Defendants' request for a stay.

For the second factor, the only hardship that Defendants claim would occur absent a stay is that they "would be required to prepare for and appear at oral argument … and expend a considerable amount of time and resources to prepare [a] summary judgment motion[]." ECF No. 37 at 5. However, the Court has already held oral argument, and "being required to defend a suit, without more, does not constitute a clear case of hardship or inequity." *Sunbeam Prod., Inc. v. Hamilton Beach Brands, Inc.*, No. 3:09CV791, 2010 WL 1946262, at *4 (E.D. Va. May 10, 2010) (quoting *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005)) (quotation marks omitted). The normal burdens of litigation do not impose a cognizable hardship or inequity on Defendants that supports their request for a stay.

For the third factor, Defendants claim that Plaintiffs would not be injured by a stay because "SBA has complied with the district court's order in *Ultima* and has stopped employing the race-conscious presumption with regard to its 8(a) program." ECF No. 37 at 4. However, there has been no final judgment in *Ultima*, and the government has not decided whether to appeal. Thus, SBA's "compliance" is at best temporary; SBA has not conceded that the 8(a) program's race-based

3

presumption is unconstitutional or made any permanent policy changes. Most glaringly, the regulation spelling out SBA's presumption has not been revised or rescinded. *See* 13 C.F.R. § 124.103. Should the government prevail in an appeal in *Ultima*, there would be nothing to stop SBA from immediately reinstating the presumption. Defendants conceded at oral argument that this case is not moot, and the possibility of future mootness is insufficient to justify a stay here. There are also important differences between this case and *Ultima*, including because Plaintiffs here have asserted Administrative Procedure Act and nondelegation doctrine claims that were not raised or ruled on in *Ultima*. *Compare* ECF No. 1, *with Ultima*, No. 2:20-cv-00041-DCLC-CRW, ECF No. 1. Plaintiffs would be prejudiced by a stay that prevents them from litigating these claims.

For the fourth factor, Defendants argue that a stay would promote judicial economy because *if* the government declines to pursue an appeal in *Ultima*, that *may* moot some or all of Plaintiffs' case. ECF No. 37 at 4. But given the indeterminate timeline and the government's apparent uncertainty as to whether it will appeal the *Ultima* case or make any permanent changes to the 8(a) program, any purported savings to judicial economy are speculative.

Put simply, the fact that (1) a district court in another circuit (2) has issued a non-final judgment (3) that is not binding on this Court and (4) that the government may or may not appeal, is far too thin a reed to justify the issuance of a stay preventing Plaintiffs from pursuing their claims.

## CONCLUSION

Defendants' motion for a stay should be denied.

DATED:  February 7, 2024.

Respectfully submitted,

s/ Alison Somin
Alison Somin
Virginia Bar No. 79027
PACIFIC LEGAL FOUNDATION
3100 Clarendon Blvd., Suite 1000
Arlington, VA 22201
Telephone: (202) 888-6881
Fax: (916) 419-7747
ASomin@pacificlegal.org

Joshua P. Thompson*
Cal. Bar No. 250955
PACIFIC LEGAL FOUNDATION
555 Capitol Mall, Suite 1290
Sacramento, CA 95814
Telephone: (916) 419-7111
Fax: (916) 419-7747
JThompson@pacificlegal.org

Glenn E. Roper*
Colo. Bar No. 38723
PACIFIC LEGAL FOUNDATION
1745 Shea Center Drive, Suite 400
Highlands Ranch, CO 80129
Telephone: (916) 419-7111
Fax: (916) 419-7747
GERoper@pacificlegal.org

*Attorneys for Plaintiff*
*Pro hac vice

5

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2024, I submitted the foregoing to the Clerk of the Court via the District Court's CM/ECF system, which will provide notice of the submission of this document to all counsel of record.

        s/ Alison Somin
        Alison Somin
        Virginia Bar No. 79027
        PACIFIC LEGAL FOUNDATION
        3100 Clarendon Blvd., Suite 1000
        Arlington, VA 22201
        Telephone: (202) 888-6881
        Fax: (916) 419-7747
        ASomin@pacificlegal.org
        *Attorney for Plaintiffs*